## Deaton, et al. v. Burton, et al.

(Decided February 1, 1911.)

### Appeal from Breathitt Circuit Court.

Lands—Action for Damages for Injury to Possession—Former Opinion.—An action to quiet title cannot be maintained by parties who show no title, and such an action should be dismissed following as it does the reversal of an action for damages to possession where it was held that the one in possession had the right to maintain the action for damages. Instead of the present action, the former action should have been redocketed and proceedings had under the former opinion. (Hall v. Deaton, et al. 32 R. 34).

CHESTER BACH, J. J. C. BACH, G. W. FLEENOR and M'QUOWN & BECKHAM for appellants.

A. H. PATTON, HAZELRIGG & HAZELRIGG and H. V. M'CHESNEY for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

An action in regard to the same land and similar in many respects to this one, was decided by this court some time ago. (Hall v. Deaton, et al., 32 Ky. Law Rep., 34) Hall alone was appellant in that action and five of the present appellants were defendants. There are ten appellants to this appeal, five of whom were parties to the former action. Hall, during the pendency of the former action, sold his interest in the land to James G.

Deaton, but the prosecution of the Hall claim was continued in his name without joining Deaton with him. The court said in the opinion in that case that the testimony did not show title in any of the parties thereto, but stated that the one in possession had a right to maintain an action to recover damages for injury to his possession, and, upon that ground alone, the case was reversed with directions which will hereafter be referred to. This action was instituted by the children of James G. Deaton and J. D. Burton, who claimed to be the owners and in the possession of the land in controversy, against the ten appellants about six years after the reversal of the former case. There was no attempt to redocket the former case or have the mandate of this court filed and judgment entered in accordance therewith. Appellees· claim they were deterred from doing so by fear of bodily harm at the hands of appellants, and they introduced much proof along this line, but did not introduce any showing why they could not have done that at the time they instituted this action. Appellees did not show any better title to the land in controversy than was shown in the former case nor were they in any better position at the time this action was brought. Appellee Burton does not pretend to have title to any of the land. The other appellees claim title by reason of the deed made to their father by Hall. Hall received the conveyance from one Turner, who purchased it at a commissioner's sale which was made to satisfy a purchase money lien held by one Baker, who claimed to have purchased it from J. C. & J. T. Johnson and they claimed to have bought it of one Bolin or Bowling the patentee. The two fifty acre patents referred to, in the name of Bolin and the deed from Bolin to the Johnsons and from the Johnsons to Baker are not filed in the record. The boundaries given in the conveyances cover only a part of the land in controversy. The testimony shows that a part of the Bolin patents are at the head of Bolin creek, above the land in contest, and the other below it, therefore, appellees do not show any better title than Hall, appellant in the former case, did. Appellants claim under what is known as the Franklin patent, a Virginia patent which they alleged included the land in controversy and thousands of acres in addition. They claim a portion of the land was sold for taxes and one South and Breck bought it and the Auditor of Kentucky made them a conveyance which they lost. They brought an action in the Breathitt Circuit Court to obtain a deed in lieu of the one lost, and

upon the showing they made, the court directed its commissioner to convey the land to them. This is the only title paper appellants file. T. P. Cardwell married one of the South heirs. Breck conveyed his one half interest to one Morris whose agent sold to McDaniel and Spicer. T. P. Cardwell, representing the South heirs, and McDaniel and Spicer met upon the land and divided it. The division line ran from ridge to ridge crossing the creek. McDaniel and Spicer took the upper one-half and the South heirs the lower, and, as we understand the controversy, the land in dispute is on the lower half. The agreed division was reduced to writing and is on file in the record, and it and the commissioner's deed to the South heirs are the only title papers filed, and they were not in the first record. T. P. Cardwell, as agent for the South heirs, leased a portion of their land to Thomas D. Deaton and put him in possession thereof, and he was holding same at the time the first suit was instituted. Ed Callahan claims to have purchased the South heirs' interests, and the other appellants claim to be his tenants. There is no written evidence of the fact that Callahan bought the South heirs' interests, filed in the record. There is a little more evidence showing color of title in appellants on this appeal than there was on the former, but there is not sufficient to show title in them, therefore, we again have a case where neither party shows title, and in which the lower court enjoined appellants from cutting timber on the land and rendered judgment against them for the cost and directed a judgment be entered in accordance with the mandate of this court in the former case. This was error. Appellees showed no right to enjoin appellants from committing waste upon the land in controversy, as they did not show that they owned it, and therefore appellants committed no trespass upon their actual possession. If they had shown themselves to be the owners of the land, they would have held it by, at least, constructive possession and would have been entitled to have brought this action under section 2361, Kentucky Statutes.

Under the opinion in the former case, Hall was given a judgment for $600.00 for the trespass upon his possession. This was done, not because he had title to the land, for the court said he had none, and the parties were relegated to an action in ejectment to ascertain who were the owners of the land, and all the parties are still at liberty to bring that action and assert and prove

their claim of ownership. This action is in no sense an action in ejectment. It was brought by parties who have not shown title to the land and against parties who have likewise failed to establish ownership. It is not the kind of action authorized by the former opinion.

Hall is still entitled to the $600.00 judgment rendered in the former case. It was a personal judgment in his favor and did not pass, so far as the record shows, to James G. Deaton by reason of the sale to him. Besides, it is not such a claim that is assignable under the Statutes so as to vest the legal title and right of action in the assignee. If assignable at all, the assignment vested only an equity in Deaton and Hall should have been made a party to this action.

For these reasons, the judgment is reversed and remanded with directions that the old case be redocketed and judgment rendered therein as directed by this court in the former opinion, and this case dismissed without prejudice.